Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLYN ZLOTNIK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Momentum Media, LLC, individually and doing business as "WhiskeyRiff.com", an Illinois Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR:**<br><br>1. **Copyright Infringement**<br>2. **Vicarious and/or Contributory Copyright Infringement**<br>3. **Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Charlyn Zlotnik, by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

This is a clear-cut case of copyright infringement. Momentum Media, LLC individually and doing business as "WhiskeyRiff.com" ("Momentum Media"), a

prominent television and media corporation, misappropriated a photograph and published this photograph on its online platforms without Zlotnik's authorization. Despite being a prominent corporation in the business of distributing multimedia content, Momentum Media entirely disregarded Zlotnik's intellectual property rights. This action follows.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Zlotnik is an individual residing in New York.

5. Plaintiff is informed and believes and thereon alleges that Defendant Momentum Media is an Illinois corporation doing business as "WhiskeyRiff.com", with a principal place of business located at 1353 North Sedgwick Street, Suite 1, Chicago, Illinois 60610.

6. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO ZLOTNIK'S DOLLY PARTON PHOTOGRAPHS**

8. Plaintiff exclusively owns two photographs depicting famous country musician Dolly Parton (the "Subject Photographs"). The Subject Photographs have been registered with the Copyright Office, with all formalities satisfied.

9. Plaintiff's investigation revealed that Defendants published and hosted at least one article on their website, WhiskeyRiff.com, that incorporated unauthorized copies of the Subject Photographs (the "Subject Posts").

10. True and correct representations of the Subject Photographs and the corresponding photographs from the Subject Posts are set forth below:

**SUBJECT PHOTOGRAPHS:**





## **NON-INCLUSIVE SUBJECT POSTS:**



11. Plaintiff is informed and believes that Defendants, and each of them, posted, hosted, displayed and distributed the Subject Photographs without Plaintiff's permission, and did so knowingly.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

12. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

13. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through (a) viewing the Subject Photographs on Plaintiff's website, (b) viewing Subject Photograph online, and (c) viewing the Subject Photographs through a third party. Plaintiff further alleges that the identical nature of the copying establishes access.

14. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and distributed images that were unauthorized copies of the Subject Photograph, and exploited said photograph online.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating an infringing derivative work from the Subject Photographs and by publishing and displaying the infringing material to the public, including without limitation, through their websites.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Photographs without Plaintiff's authorization or consent.

17. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

18. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photographs in an amount to be established at trial.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

20. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

21. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

23. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

24. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photograph, in an amount to be established at trial.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages.

### THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202) – Against all Defendants, and Each)

26. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

27. Defendants, and each of them, violated section 1202 of the Copyright Act by removing from the Subject Photographs any attribution or copyright management information that identifies Plaintiff as its author.

28. Defendants, and each of them, violated section 1202 of the Copyright Act by displaying, publishing, and distributing the Subject Photographs with attribution and copyright management information that identifies Defendant, and its agents and employees, as the author of the Subject Photographs. Specifically and without limitation, Defendant published the Subject Photographs beneath its own name as part of an article that was attributed to one of Defendant's writers.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowing included their own copyright management information, title, and identifiers on the Subject Photographs, and that such material was false.

30. The above violation, which was willful, subjects Defendants, and each of them, to entry of judgment reflecting Plaintiff's actual damages and any additional profits of the violator, statutory damages, and attorneys' fees under 17 USC § 1203.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against all Defendants, and Each:**

<u>With Respect to Each Claim for Relief:</u>

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photographs, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any print, web, or other publication owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact

sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded her attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 and 17 U.S.C. § 1203;

e. That Plaintiff be awarded his costs and fees under the above statutes;

f. That Plaintiff be awarded statutory and enhanced damages under the statutes set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: February 7, 2019   By:   */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff